Filed 3/1/13  P. v. Nye CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G046286 |
| v. | (Super. Ct. No. 10HF0289) |
| CANNIBIS GARREN NYE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard W. Stanford, Jr., Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Marissa A. Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

INTRODUCTION

Defendant Cannibis Garren Nye appeals from a judgment entered after a jury found him guilty of first degree residential burglary and receipt of stolen property. He contends the admission of a portion of an investigator's testimony, which recounted a witness's statements made during the investigation of the charged offenses, denied Nye his right to confront and cross-examine witnesses in violation of the Sixth Amendment to the United States Constitution. He argues his trial counsel's failure to object to the investigator's testimony on that ground constituted ineffective assistance of counsel. Nye also contends insufficient evidence supported the burglary conviction because the prosecution failed to present any proof he entered the victim's apartment.

We affirm. Nye's trial counsel did not render ineffective assistance of counsel. Even assuming Nye's trial counsel's representation was deficient in his failure to object to the investigator's testimony regarding a witness's statements, the challenged testimony was duplicative of other evidence admitted at trial that was adduced from another witness. Thus, its admission did not prejudice Nye. As explained in detail *post*, we also conclude substantial evidence supported Nye's burglary conviction.

FACTS

Around 7:30 a.m. on December 15, 2009, Mark Gallagher and his girlfriend, Kelley Uyeda, left Gallagher's apartment in Lake Forest to go to work. Gallagher returned to the apartment for lunch and noticed that a window was broken and the window screen was resting on some items inside the apartment. The apartment was "messier" than Gallagher and Uyeda had left it. Gallagher noticed that his electric guitar, which had been hanging on a wall in the apartment, was gone. Gallagher's DVD player, an external hard drive, DVD box sets, and a Beatles' complete songbook were missing. Uyeda's duffel bag and Kenneth Cole bag containing her wallet and a camera were also missing. Gallaher immediately called the police.

Records from a Santa Ana pawn shop (the pawn shop), authenticated by an employee of the pawn shop, Ellen Duarte, showed that at 3:05 p.m. on December 15, 2009, an individual who identified himself as Nye and who provided a Lake Forest home address, brought an electric guitar into the pawn shop and sold it to the pawn shop for $25. (Evidence was presented that the pawn shop was approximately 20 to 23 miles away from Nye's apartment.) Duarte testified that customers who bring items into the pawn shop must show photo identification.

In February 2010, Gallagher contacted investigator Brian Sims of the Orange County Sheriff's Department, who had been assigned to investigate the burglary. Gallagher told Sims that he recognized his electric guitar (based on its strap and broken pick guard) in an advertisement by the pawn shop.

On February 24, 2010, Sims met Gallagher at the pawn shop. After Gallagher confirmed the electric guitar that had been advertised was his, Sims seized it. He spoke with the pawn shop's manager, Maria Cruz, who later told him that on December 15, "a Cannibis Nye had brought in a guitar and had brought in other items, according to their database, and was the person responsible for bringing the guitar in for a buy." Cruz gave Sims the Lake Forest address that had been given by Nye; that address was "[w]ithin a couple of miles" of Gallagher's apartment. Sims "completed a records check" on "a Cannibis Nye" in the City of Lake Forest and confirmed Nye's address. Sims also obtained a photograph of Nye from the Department of Motor Vehicles.

At 7:00 or 7:30 a.m. on February 25, Sims and two other investigators were approaching the staircase leading to Nye's second-floor apartment when they saw Nye exit his apartment and begin to walk down the staircase. Nye saw the investigators, turned around, and ran back up the stairs. The investigators ordered Nye to stop, identified themselves as from the Orange County Sheriff's Department, and told him to comply with their demands. Nye continued to run up the stairs, and the investigators chased after him. Nye ran inside his apartment, slammed the door, and locked it. After

3

pounding on the apartment door, and demanding that Nye open the door and surrender, the investigators kicked in the door. Inside the apartment, Nye "exited the hallway and proned himself out on the floor"; he was thereafter arrested.

In Nye's bedroom, the investigators found other items that Gallagher had reported were stolen, including the Beatles' songbook, the Kenneth Cole bag, and a Lord of the Rings DVD box set.

PROCEDURAL BACKGROUND

Nye was charged in an information with one count of first degree residential burglary in violation of Penal Code sections 459 and 460, subdivision (a), and one count of receiving stolen property in violation of Penal Code section 496, subdivision (a). (All further statutory references are to the Penal Code unless otherwise specified.) The information alleged the burglary offense came within the meaning of section 462, subdivision (a). The information further alleged that, pursuant to sections 667, subdivisions (d) and (e)(2)(A) and 1170.12, subdivisions (b) and (c)(2)(A), Nye was previously convicted of two serious and violent felonies. It further alleged that, pursuant to section 667.5, subdivision (b), Nye served three prior prison terms, and, pursuant to section 667, subdivision (a)(1), he suffered two prior serious felonies.

The jury found him guilty of both offenses. Nye admitted all the prior conviction and prison term allegations. The trial court sentenced Nye to a total prison term of 18 years by imposing double the middle term for the burglary offense, pursuant to sections 667, subdivisions (d) and (e)(1) and 1170.12, subdivisions (b) and (c)(1), plus two consecutive five-year terms for the prior serious felony conviction allegations. The court stayed execution of sentence on the receiving stolen property offense, pursuant to section 654, and struck, for purposes of sentencing, the prior prison term allegations.

Nye appealed.

4

## DISCUSSION

### I.

### THE ADMISSION OF SIMS'S TESTIMONY REGARDING CRUZ'S STATEMENTS

Nye contends his constitutional right to confront and cross-examine witnesses was violated by the admission of Sims's testimony regarding Cruz's statements to him. Nye did not object to Sims's testimony on this basis at trial, and thus has forfeited this argument on appeal. (*People v. Tafoya* (2007) 42 Cal.4th 147, 166 [the defendant did not challenge trial court's evidentiary ruling on the ground it violated the confrontation clause, and, thus, he had forfeited the confrontation clause claim by failing to raise it in the trial court].)

Nye argues his trial counsel's failure to object to the admission of Sims's testimony on that ground constituted ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, Nye must prove both (1) his attorney's representation was deficient in that it fell below an objective standard of reasonableness under prevailing professional standards, and (2) his attorney's deficient representation subjected him to prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Cain* (1995) 10 Cal.4th 1, 28.)

Even assuming Nye's trial counsel's representation was deficient because he failed to object to Sims's testimony regarding Cruz's statements on the ground it violated the confrontation clause, Nye did not suffer any prejudice because that evidence was duplicative of Duarte's testimony. We find no error.

### II.

### NYE'S BURGLARY CONVICTION WAS SUPPORTED BY SUBSTANTIAL EVIDENCE.

Nye argues insufficient evidence supported his burglary conviction. He argues, "the prosecution failed to present sufficient corroborating evidence in addition to

5

[Nye]'s mere possession of the stolen property over two months after the break-in so as to have supported the underlying burglary conviction."

"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] . . . We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] A reviewing court neither reweighs evidence nor reevaluates a witness's credibility. [Citation.]" (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) The testimony of a single witness, unless physically impossible or inherently improbable, is sufficient to support a conviction. (Evid. Code, § 411; *People v. Young* (2005) 34 Cal.4th 1149, 1181.)

In *People v. McFarland* (1962) 58 Cal.2d 748, 754, the California Supreme Court stated: "Possession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt." In *People v. Moore* (2011) 51 Cal.4th 1104, 1130-1131, the California Supreme Court more recently explained: "We have long held that possession of recently stolen property by itself is not sufficient to support a finding of guilt of *any* offense—including theft-related offenses— and, accordingly, there must be other corroborating evidence of the defendant's guilt. [Citation.] It is also accurate to inform the jury that the corroborating evidence need not be sufficient to prove guilt by itself (since it is combined with any additional inference of guilt the jury draws from the defendant's possession of the fruits of the crime). Also, the

6

factors listed in the instruction [(CALJIC No. 2.15)] may serve as corroboration of guilt if the jury so finds."

In *People v. Mendoza* (2000) 24 Cal.4th 130, 175-176, the California Supreme Court analyzed whether the trial court erroneously denied the defendant's motion for acquittal brought on the ground there was insufficient evidence to support his burglary conviction. The California Supreme Court stated: "In support of his claim of trial court error, defendant relies on the rule that evidence of possession of property taken in a burglary, unless augmented by other evidence corroborating the defendant's involvement, is insufficient to support a burglary conviction [citations], contending the only evidence pointing to his commission of the two burglaries was testimony that he was found in possession of property stolen in the burglaries. [¶] When, as here, a defendant is found in possession of property stolen in a burglary shortly after the burglary occurred, the corroborating evidence of the defendant's acts, conduct, or declarations tending to show his guilt need only be slight to sustain the burglary convictions. (*People v. McFarland*, *supra*, 58 Cal.2d at p. 754; *People v. Anderson* (1989) 210 Cal.App.3d 414, 421 . . . .) Here, there is adequate corroborating evidence. The burglaries were committed after 2:00 a.m. on February 7, 1986. Later that same morning, [two witnesses] saw defendant with property taken in the burglaries. In addition, defendant told [one of the witnesses] he had 'been to Chinatown' when asked where he had obtained some of the stolen property. Based on this evidence, the trial court correctly denied defendant's motion for acquittal." (*Ibid.*)

In this case, the jury was instructed on these principles with CALCRIM No. 376, as follows: "If you conclude that the defendant knew he possessed property and you conclude that the property had in fact been recently stolen, you may not convict the defendant of burglary based on those facts alone. However, if you also find that supporting evidence tends to prove his guilt, then you may conclude that the evidence is sufficient to prove he committed burglary. [¶] The supporting evidence need only be

7

slight and need not be enough by itself to prove guilt. *You may consider how, where, and when the defendant possessed the property, along with any other relevant circumstances tending to prove his guilt of burglary.* [¶] Remember that you may not convict the defendant of any crime unless you are convinced that each fact essential to the conclusion that the defendant is guilty of that crime has been proved beyond a reasonable doubt." (Italics added.) Nye does not challenge the jury's receipt of this instruction, on any basis.[1]

Here, substantial evidence showed Gallagher's apartment was burglarized after 7:30 a.m. on December 15, 2009, but before lunchtime when Gallagher returned to the apartment and discovered his electric guitar along with other items had been stolen from his apartment. At 3:05 p.m. that same day, Nye sold Gallagher's stolen guitar to the pawn shop. On February 25, 2010, other items taken during the December 15, 2009 burglary of Gallagher's apartment, namely, the Kenneth Cole bag, the Beatles' songbook, and the Lord of the Rings DVD box set, were found in Nye's bedroom. Thus, it was well established that Nye had possessed property that had been "recently" stolen from Gallagher's apartment. (See *People v. McFarland*, *supra*, 58 Cal.2d at p. 758 ["recently" stolen property included property stolen within two months].)

Applying the legal principles set forth in California Supreme Court authority and summarized in the version of CALCRIM No. 376 that was given to the jury in this case, we conclude the record contained sufficient evidence Nye knowingly possessed the stolen property as well as additional "supporting evidence" showing Nye burglarized Gallagher's apartment. The trial evidence established the geographic proximity of Nye's Lake Forest apartment to Gallagher's Lake Forest apartment—they

---

[1] "Similar to its predecessor, CALJIC No. 2.15, CALCRIM No. 376 is based on a 'long-standing rule of law [that] allows a jury to infer guilt of a theft-related crime from the fact a defendant is in possession of recently stolen property when coupled with slight corroboration by other inculpatory circumstances [that] tend to show guilt.'" (*People v. Lopez* (2011) 198 Cal.App.4th 698, 709, fn. omitted.)

were within about two miles of each other. Notwithstanding evidence of the existence of pawn shops and at least one guitar store in the Lake Forest area, on the same day Gallagher's electric guitar was stolen from his apartment, Nye sold Gallagher's electric guitar to the pawn shop which was located approximately 20 to 23 miles away from Gallagher's apartment and roughly the same distance away from Nye's apartment.

In sum, evidence that Nye possessed Gallagher's "recently" stolen property (on the same day as the burglary), coupled with additional supporting evidence as to where Nye possessed that recently stolen property (Santa Ana), Nye's conviction for first degree residential burglary was supported by substantial evidence.

## DISPOSITION

The judgment is affirmed.

FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.

9